United States District Court
Southern District of Texas

**ENTERED**
June 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **FREDY ALEJANDRO PAZ-CASCO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00693** |
| | § | |
| **WARDEN,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 brought by Petitioner Fredy Alejandro Paz-Cazco ("Petitioner"). (Dkt. 1.)

Petitioner challenges his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS), arguing that his detention violates his rights under of the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act. (*Id.* at 18–21.) Petitioner came to the United States in 2019 as a minor accompanied by his father, was apprehended by immigration officials, and was released pursuant to an order by an immigration officer. (*Id.* at 5.) Petitioner was later ordered removed by an Immigration Judge in April of 2022 and filed an appeal with the Board of Immigration Appeals (BIA). (*Id.*) While his appeal was pending Petitioner graduated high school and started a family. (*Id.*) Petitioner was subsequently taken into custody by ICE and filed his habeas petition on April 17, 2026. (Dkt. 1.)

The Court ordered Respondents to file a response to the habeas petition on or before April 24, 2026. (Dkt. 4.) Respondents filed a timely Response to Petitioner's Writ of Habeas Corpus and

1 / 3

Motion to Dismiss, (Dkt. 6), arguing that Petitioner's Petition should be dismissed as moot because days before his petition was filed, Petitioner's appeal to the BIA was dismissed, and therefore his removal order became administratively final, and he was lawfully detained under 8 U.S.C. § 1231. (Dkt. 6 at 2–3.) Subsequently, on April 27, 2026, Respondents submitted an advisory in compliance with the Court's Order, (Dkt. 4), informing that Court that ICE planned to remove Petitioner from the United States in early May. (Dkt. 7.) On May 7, 2026, Respondents submitted a status report confirming that Petitioner was removed from the United States and thus, is no longer in ICE custody. (*See* Dkt. 8.)

"A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (citation modified). In the immigration context, the removal of a noncitizen who challenges only the duration or conditions of his or her detention will typically moot the case because the requested relief can no longer be effectuated by the court. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (unpublished); *Sodipo v. U.S. Dep't of Just.*, 37 F.3d 629 (5th Cir. 1994) (unpublished); *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002). However, there are exceptions to mootness when the noncitizen can show that she would suffer collateral consequences because of the challenged detention or when there is a possibility for the challenged detention to recur in the future. *See, e.g.*, *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986); *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–97 (6th Cir. 2003).

Here, Petitioner was removed from the United States on May 3, 2026, pursuant to a removal order. (Dkt. 8.) Because Petitioner only challenged his ongoing detention, the petition for writ of

habeas corpus is moot because he has now been released from confinement in DHS custody and there is no possible relief to be effectuated.

Accordingly, it is ORDERED that this case is DISMISSED WITHOUT PREJUDICE as moot. The Clerk is hereby DIRECTED to terminate the case and all pending motions.

IT IS SO ORDERED.

SIGNED this June 1, 2026.

Diana Saldaña
United States District Judge